# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| GREGORY HARDWICK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-10-5249 |
| | § | |
| JOHNNY CHICO FACTOR, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This diversity lawsuit arises out of a traffic accident that occurred on December 30, 2008. Gregory Hardwick sued Johnny Chico Factor, the Lockton Companies, LLC,[1] and Ryder Trucking and Leasing, alleging negligence. (Docket Entry No. 1). The defendants moved to dismiss for lack of subject-matter jurisdiction or improper venue, or alternatively to transfer the case to the Western District of Oklahoma, where another suit arising out of the accident was earlier filed. (Docket Entry No. 17). The plaintiffs did not respond.

Based on the record, the motion, and the relevant law, this court transfers the case to the Western District of Oklahoma. An order of transfer is separately entered.

## I.  Background

Hardwick filed this lawsuit on January 4, 2011, *pro se*. (Docket Entry No. 1). Hardwick alleges that Johnny Chico Factor negligently caused a collision with Hardwick's vehicle on December 30, 2008 in Beckham County, Oklahoma. (*Id.*, ¶ 5). The complaint contains no jurisdictional allegation that the amount in controversy exceeds $75,000 or any other dollar amount.

---

[1] Lockton has been dismissed. (Docket Entry No. 16).

The complaint's damages allegation reads:

> 8. As a direct and proximate result of the above described actions of defendants, I will show that I have suffered actual damages for which I seek recovery.
>
> The damages are as follows:
>
> A) The loss of my company
> B) The loss of my commercial vehicle
> C) Physical pain/suffering (from the date of the accident)
> D) Physical pain/suffering (which will be suffered after the date of the verdict)
> E) Mental anguish (which has been sustained from the date of the accident)
> F) Mental anguish (which will be suffered after the date of the verdict)
> G) Reasonable and necessary cost of medical care and treatment, including doctors, hospital, nurses, medicines and other services and supplies from the date of the accident
> H) Reasonable and necessary cost of medical care and treatment, including doctors, hospital, nurses, medicines and other services and supplies which will be incurred in the future after the verdict.
> I) Physical impairment (from the date of the accident)
> J) Physical impairment (from the date after the verdict)
> K) Lost earnings/earning capacity (sustained from the date of the accident and in the future after the verdict)
> L) Legal expenses and court cost

(*Id.*, ¶ 8).

This lawsuit is the second one Hardwick filed related to the accident. Hardwick sued Factor, Ryder, and Lockton in the Western District of Oklahoma on June 1, 2010, seven months before filing the present lawsuit. Hardwick is represented by counsel in the Oklahoma suit. The Oklahoma lawsuit also names Meadowbrook Meat Company, Inc. and Ryder System, Inc. as defendants. In the Oklahoma suit, Hardwick alleges essentially the same damages that he alleges in this case. (Docket Entry No. 17, Exs. B, C).

The defendants contend that the damages allegations are insufficient to meet the amount-in-controversy requirement for diversity jurisdiction, requiring dismissal under Rule 12(b)(1). The defendants also contend that dismissal is also appropriate because venue in this Texas court is not the proper under 28 U.S.C. § 1391(a). Alternatively, they argue that this court should transfer the case to the Western District of Oklahoma, where Hardwick filed the earlier lawsuit over the December 30, 2008 collision. Hardwick has not responded. The defendants' motion is analyzed below.

## II. Analysis

"[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) (citing *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 93–102 (1998)). A decision to transfer a case is not a decision on the merits. *See, e.g., In re LimitNone, LLC*, 551 F.3d 572, 577–78 (7th Cir. 2008) (holding based on *Sinochem* that the district court did not abuse its discretion by transferring a case without considering whether subject-matter jurisdiction existed). A court may decide a motion to transfer to another district before ruling on other motions, and deciding the motion to transfer first is "is particularly appropriate where a related suit is already pending in the transferee district." *Doubletree Partners, L.P. v. Land Am. Am. Title Co.*, No. 3-08-CV-1547-O, 2008 WL 5119599, at *2 (N.D. Tex. Dec. 3, 2008) (quoting *Huntsman Corp. v. Int'l Risk Ins. Co.*, No. 1:08-CV-029, 2008 WL 1836384 at *3 (E.D. Tex. Apr. 22, 2008)) (ellipses in *Doubletree Partners* removed).

The defendants contend that transfer is appropriate because Hardwick first filed suit in the

Western District of Oklahoma. "Courts in the Fifth Circuit generally follow a 'first-filed rule' in deciding which Court should maintain jurisdiction over claims that arise out of the same subject matter but are pressed in different suits." *Igloo Prods. Corp. v. The Mounties, Inc.*, 735 F. Supp. 214, 217 (S.D. Tex. 1990); *see also W. Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985); *Serv. Corp. Int'l v. Loewen Grp. Inc.*, No. H-96-3269, 1996 WL 756808, at *1 (S.D. Tex. Nov. 29, 1996). "Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). The rule is "grounded in principles of comity. . . . The federal courts long have recognized that . . . courts of coordinate jurisdiction and equal rank [should] exercise care to avoid interference with each others' affairs." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (citation omitted). "In determining whether to dismiss an action, the Court must answer two questions: (1) are the two pending actions so duplicative or involve substantially similar issues that one court should decide the issues; and (2) which of the two courts should resolve the case?" *Excel Music, Inc. v. Simone*, No. 95-3626, 1996 WL 5708, at *5 (E.D. La. Jan. 5, 1996). The court with "'prior jurisdiction over the common subject matter' should resolve all issues presented in related actions." *W. Gulf Maritime*, 751 F.2d at 730 (quoting *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971)); *see also Excel Music*, 1996 WL 5708, at *6 ("In the absence of 'compelling circumstances,' the district court who gets the suit first should be one to decide the case.").

The threshold inquiry here is whether "the issues raised" in both suits "substantially overlap." The issues need not be identical. "Where the overlap between two suits is less than complete, the

judgment is made case by case, based on such factors as the extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute." *Save Power*, 121 F.3d at 950–51 (quoting *TPM Holdings, Inc. v. Intra-Gold Indus., Inc.*, 91 F.3d 1, 4 (1st Cir. 1996)). "Complete identity of parties is not required for dismissal or transfer of a case filed subsequently to a substantially related action." *Save Power Ltd.*, 121 F.3d at 951. While the first-to-file rule "should not be regarded lightly," it is not a "rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982) (citation omitted).

This case and the Oklahoma case arise out of the same event, the December 30, 2008 collision. All the defendants in this lawsuit are also defendants in the Oklahoma action. The Oklahoma case was filed first. This case is transferred to the Western District of Oklahoma.

## III. Conclusion

This case will be transferred to the Western District of Oklahoma. An order of transfer is entered separately.

SIGNED on May 9, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

P:\CASES\2010\10-5249\10-5249.a01.wpd

5